AUSA: Matthew Roth  Telephone: (313) 226-9186
AO 91 (Rev. 11/11) Criminal Complaint    Special Agent: Michael H. Jacobs, A.T.F.  Telephone: (313) 234-3450

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.

Curtis Alanzo Ballard                                    Case No.    21-30115

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 11, 2021__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) and 924(c) | Felon in possession of a firearm and possession of a firearm during a drug trafficking crime; |
| 21 U.S.C. § 841(a)(1) | Possession of a controlled substance |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_Complainant's signature_

Special Agent Michael Jacobs, A.T.F.
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: March 10, 2021

_Judge's signature_

City and state: Detroit, Michigan          Hon. David R. Grand, U.S. Magistrate Judge
_Printed name and title_

# AFFIDAVIT

I, Special Agent Michael Jacobs, being first duly sworn, hereby depose and state as follows:

## I.   INTRODUCTION

1. I have been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since March of 2016. I am currently assigned to the Detroit Field Division, Group IV. I have had extensive training at the Federal Law Enforcement Training Center in the Criminal Investigator Training Program and ATF Special Agent Basic Training.

2. Before working for the ATF, I was a police officer with the Wayne State University Police Department for approximately eight years. Prior to becoming a Special Agent with ATF, I was assigned to the Federal Bureau of Investigation (FBI), Detroit, Violent Crimes/Violent Gangs Task Force (VCTF/VGTF) as a Task Force Officer (TFO) for approximately four years. As an FBI TFO and Special Agent with the ATF, I have participated in numerous state and federal investigations, including investigations concerning narcotics trafficking and the illegal possession of firearms. I have sworn to several state and federal search and arrest warrants. Through my training, education, and experience, I have also become familiar with how criminals communicate and operate their clandestine activities.

3.      This affidavit is based on my personal observations, my training and experience, and information obtained from other agents, police officers, and witnesses. This affidavit establishes sufficient probable cause for the requested warrant and does not set forth all the facts known to law enforcement regarding this investigation.

4.      I am investigating Curtis Alanzo BALLARD, (date of birth of XX/XX/XX66), a multi convicted felon. Probable cause exists that BALLARD violated 21 U.S.C. § 841(a)(1) (possession with intent to distribute a controlled substance) and 18 U.S.C. §§ 922(g)(1) and 924(c) (possession of a firearm by a felon and possession of a firearm during and in relation to a drug trafficking crime).

5.      I reviewed BALLARD's criminal history. He has been convicted of the following felony offenses:

    a.    1990 – armed robbery, Third Circuit Court, Wayne County, Michigan;

    b.    2002 – felon in possession of a firearm, United States District Court for the Eastern District of Michigan; and

    c.    2008- felon in possession of a firearm, felony firearm, possession of a loaded firearm in or upon a vehicle; Third Circuit Court, Wayne County, Michigan.

## II.   PROBABLE CAUSE

6. On February 11, 2021, Michigan State Trooper Morrow, in full police uniform and in a fully marked Michigan State Police vehicle, observed a black, 2018 Dodge Journey travelling south bound on Inkster Road near Michigan Avenue in Inkster, Michigan. Trooper Morrow conducted a check of the license plate and was unable to find a vehicle record. Based on my training and experience, a lack of a vehicle record is a possible indicator of an improperly registered vehicle. Trooper Morrow continued to follow the vehicle. The vehicle made an abrupt turn into the driveway of a seemingly abandoned residence on Yale Street east of Inkster Road, in Inkster.

7. Trooper Morrow initiated a traffic stop of the vehicle and made contact with the vehicle driver, Curtis Alanzo BALLARD. The Trooper inquired about the status of the vehicle's registration. BALLARD was unable to provide proper registration or insurance paperwork. Trooper Morrow conducted a second check of the vehicle's license plate and found the vehicle did not have insurance as required by Michigan law. Trooper Morrow advised BALLARD the vehicle had no insurance. BALLARD was then removed from vehicle and detained by Trooper Morrow.

8. Trooper Morrow asked BALLARD if he would consent to a search of his person and BALLARD gave verbal consent. In BALLARDS front left coat

3

pocket, Trooper Morrow located a clear sandwich baggie that contained a white powder. BALLARD looked at Trooper Morrow and stated, "cocaine". BALLARD was asked if he had any other illegal items in his vehicle. BALLARD responded, "yeah there's a gun up under my seat." Trooper Morrow placed BALLARD under arrest and recovered one loaded Taurus, model PT 24/7 Pro, .45 caliber handgun, from under the driver's seat. The Trooper also located the following:

    a. One small zip lock bag of suspected crack cocaine under the driver's seat next to the firearm;

    b. Two bags of suboxone (a controlled substance) in the vehicles middle compartment; and

    c. Three cellular telephones.

9. BALLARD was transported to the Inkster police Department for Booking.

10. Trooper Morrow spoke with the front seat passenger and only other occupant of the vehicle, Jeffrey Massey. Massey denied possessing the firearm or suspected narcotics in the vehicle. On several occasions, BALLARD stated he was the sole possessor of the items located on his person and in the vehicle and that MASSEY had nothing to do with it.

11. I seized the contraband and other items. The suspected cocaine weighed approximately 29.8 grams as packaged. I field-tested the suspected

4

cocaine which tested positive as cocaine. Based on my training and experience, 29.8 grams of packaged cocaine is consistent with the intent to distribute the cocaine and inconsistent with personal use.

12. I am an ATF interstate nexus expert. It is my opinion that the Taurus, model PT 24/7 Pro, .45 caliber handgun, was not manufactured in the state of Michigan.

### III. CONCLUSION

13. Probable cause exists that Curtis BALLARD violated 21 U.S.C. § 841(a)(1) (possession with intent to distribute a controlled substance) and 18 U.S.C. §§ 922(g)(1) and 924(c) (possession of a firearm by a felon and possession of a firearm during and in relation to a drug trafficking crime).

_____
Michael Jacobs
ATF Special Agent

Sworn to before me and signed in my presence
and/or by reliable means.

_____
HON. DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE

March 10, 2021